UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Chandy Bounkhoun,

                              Plaintiff,

     v.

Steven E. Barnes, Esq., et al.,

                             Defendants.

**Decision and Order**

15-CV-631A

       Familiarity with the background of the case is presumed. On November 30, 2018, plaintiff filed a motion to compel responses to certain discovery demands including interrogatories. (Dkt. No. 35.) Specifically, plaintiff served a first request for production of documents on July 25, 2018 and a first set of interrogatories on July 31, 2018. Plaintiff's counsel contacted defense counsel on September 5, 2018 by email to inquire about the status of any responses. Defense counsel responded on September 10, 2018 that responses would be forthcoming. There appears to have been some confusion about whether a mediation session that occurred on November 14, 2018 actually had or ought to have had some impact on the timetable for defense counsel's response. In any event, defense counsel served discovery responses on December 12, 2018, one day before responses to the motion were due.

       The Court has reviewed defense counsel's responses to plaintiff's counsel's requests. The principal response to the various questions appears to have been the production of the entire client file in question. Defense counsel also provided background information in response to certain interrogatories, including insurance coverage information and an estimate of fair value. (*See generally* Dkt. Nos. 37-1, 37-2.) Certain other questions either drew objections about privileged work product or prompted responses that further clarification was needed or that trial exhibits would be ready at a

later time.  Since plaintiff's counsel twice declined to file reply papers in support of the motion (see Dkt. Nos. 38, 40), the Court has difficulty discerning plaintiff's position on the adequacy of defendants' responses.

Under the circumstances, a stepwise approach will be best.  If the adequacy of defendants' responses needs to be addressed then that can be addressed later, perhaps in conjunction with any concerns that defendants have about the production from plaintiff that was due on April 30, 2019.  (Dkt. No. 43.)  For now, defendants did respond to plaintiff's outstanding requests.  The Court accordingly will deny plaintiff's motion as moot but without prejudice.  No costs will be assessed to either side.

According to the current scheduling order, the next major pretrial deadline will not occur until December 16, 2019.  The Court wants to stay informed about any issues in the interim that might require attention.  To that end, the parties will file a joint written status report on or before June 28, 2019.  The status report will advise the Court about overall progress in the case as well as any issues that have arisen that the parties cannot resolve on their own.

SO ORDERED.

                                    __/s Hugh B. Scott_____
                                    Hon. Hugh B. Scott
                                    United States Magistrate Judge

DATED: May 7, 2019