UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Chandy Bounkhoun,

         Plaintiff,

  v.

Steven E. Barnes, Esq., et al.,

         Defendants.

**Decision and Order**

15-CV-631A

## I. BACKGROUND AND DISCUSSION

This case concerns allegations that defendants, a personal-injury law firm and three of the firm's attorneys, failed to represent plaintiff's best interests in a negligence case that went to verdict in State Supreme Court, Erie County. In the negligence case, plaintiff alleged that she suffered permanent blindness in one eye when she was struck by a rock thrown from a lawnmower that her landlord, William F. Adolf, Jr. ("Adolf"), was using.[1] Defendants' failure allegedly was bad enough to constitute legal malpractice.

On May 30, 2019, plaintiff served a non-party subpoena on Hilary Banker, Esq. ("Banker"), Adolf's attorney in the negligence case. (Dkt. No. 45-2.) The subpoena required Banker's deposition testimony and required her to produce the following materials (reprinted in full from the subpoena):

> (1) Any and all correspondence, notes, telephone call logs, electronic communications between you, or personnel employed by your office and Christopher D'Amato, Esq. or any principal or employee of Cellino & Barnes, P.C. relating to the settlement or negotiations of the Bounkhoun v. Adolf action, (2) Any independent medical records or reports, (3) any evaluations regarding damages or liability.

---

[1] The amended complaint does not identify Adolf by name. Based on documents that have accumulated in the record, however, the Court infers that the landlord mentioned in the amended complaint is in fact Adolf.

(*Id.* at 1.)  On June 12, 2019, Banker served plaintiff with written objections to the subpoena.  (Dkt. No. 45-2.)  See also   Banker objected to the subpoena in its entirety, for reasons including privilege and collateral estoppel.  The invocation of collateral estoppel stemmed from a previous order in state court, in the negligence case, that ostensibly prevented plaintiff from seeking the same materials demanded in the subpoena here.

From the information available in the record, the Court finds that Banker's objections were timely under Federal Civil Rule 45(d)(2)(B).  Plaintiff has offered no information to the contrary.  Plaintiff also has not responded to the objections by filing a motion to compel under Rule 37.

Despite the absence of a motion to compel, and perhaps as a precaution, Banker filed a motion to quash plaintiff's subpoena.  (Dkt. Nos. 45, 47.)  In short, Banker again asserts privilege and collateral estoppel.  Plaintiff responds that Banker effectively has waived any privilege by failing to offer a privilege log or otherwise to explain the nature of the privilege as required by Rule 26(b)(5).

Plaintiff's failure, up to this point, to respond to Banker's objections make further consideration of the subpoena unnecessary.  "A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection" to the testimony or materials sought.  Fed. R. Civ. P. 45(d)(2)(B).  "If an objection is made, the following rules apply: (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection; [and] (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  *Id.*  "The non-party is *not* required to serve written objections.  Instead, serving written objections is a less formal, easier, usually less expensive method of forestalling subpoena compliance when compared to the separate option of filing a motion to

2

quash or modify the subpoena . . . ." *Sines v. Kessler*, 325 F.R.D. 563, 566 (E.D. La. 2018). "Serving written objections under Rule 45(d)(2)(B) may provide the recipient with several advantages. For example, asserting objections can be done informally without going to court, shifts the burden and expense of commencing motion practice in court to the issuing party and affords the subpoena recipient additional time in the event the recipient is ultimately obligated to comply with the demands in the subpoena." *Id.* at 567 (citation omitted).

Here, the service of objections by Banker ended the need to comply with the subpoena, absent a successful motion to compel. The end of any need to comply is strongly implied by Rule 45(d)(2)(B)(i); there would be no need for an order compelling production if the target of the subpoena, having made timely objections, still had an obligation to produce. Viewed another way, filing objections would be pointless if the target of the subpoena nonetheless had to produce within the time specified for compliance. *See Oriska Ins. Co. v. Avalon Gardens Rehab. & Health Care Ctr., LLC*, No. 618CV1030DNHDEP, 2018 WL 6074693, at *11 (N.D.N.Y. Nov. 21, 2018) ("A very likely response to the subpoenas would be the filing of objections by the recipient financial institutes as to burden and breadth, pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure. If that were to occur, Oriska would then be required to move in the courts where the subpoenas were issued for orders compelling compliance.") (citations omitted); *United States ex rel. Ortiz v. Mount Sinai Hosp.*, 169 F. Supp. 3d 538, 544 (S.D.N.Y. 2016) ("Nonetheless, faced with noncompliance by CMS—even if that noncompliance was based on a mistaken belief concerning the legal import of defendants' objections—plaintiff-relators' remedy was a motion to compel CMS to produce the requested data, made in the district where compliance was required.") (citations omitted); *Mobile Med. Int'l Corp. v. Advanced Mobile Hosp. Sys., Inc.*, No. 2:07-CV-231, 2013 WL 6238631, at *1 n.1 (D. Vt. Dec. 3, 2013) ("Plaintiff also served demands for document production, concerning which

Defendants have served objections pursuant to Rule 45(c)(2)(B). No motion to compel having been filed, this decision addresses only the motion to quash the subpoenas compelling deposition attendance."); *Dodson v. CBS Broad., Inc.*, No. 02 CIV. 9270(KMW)(AJ, 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) ("Contempt is not available since defendants responded to the subpoena by serving objections. When objections to a subpoena have been made, the correct procedure is a motion to compel, not a motion for contempt.") (citations omitted).

Consequently, Banker needs to take no further action regarding the subpoena unless plaintiff pursues a motion to compel. *See In re Dig. Equip. Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) ("Upon service of the written objection, the deposing party shall not be entitled to inspect and copy the materials identified in the subpoena, except pursuant to an order of the court from which the subpoena was issued.") (citations omitted); *see also* 9 Moore's Federal Practice—Civil § 45.41 ("An objection, therefore, presumptively excuses compliance, and the burden is shifted to the party serving the subpoena to bring a motion to compel the production or inspection.") (citations omitted). The Court will not address whether Banker needs to produce a privilege log and within what time, since the issue currently is not squarely presented. *See, e.g., In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (citing *Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996)).

## II. CONCLUSION

For the above reasons, the Court denies Banker's motion (Dkt. Nos. 45, 47) without prejudice as moot.

SO ORDERED.

                                                 __/s Hugh B. Scott_____
                                                 Hon. Hugh B. Scott
                                                 United States Magistrate Judge

DATED: August 20, 2019